ESTELLA CLEMENT *vs.* BOSTON AND MAINE RAILROAD.

Hampshire.     September 15, 1903. — October 22, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* On railroad.

Whether a woman passenger, fifty-two years of age, with a jug of molasses in her left hand and a satchel suspended from her right arm is in the exercise of due care when falling or being thrown from a train which has stopped at a station and is started again as the passenger is on the steps of the car taking hold of the outer iron rail with her right hand in the act of alighting, is a question of fact for the jury.

Whether a fireman on a passenger train, whose duty it is to receive from the conductor a signal to start the train and to convey the order to the engineer, is negligent in thinking that he sees such a signal given by the conductor, when it is not, and instructing the engineer to start the train, is a question of fact for the jury.

TORT, for personal injuries, for being thrown from a car on a train of the defendant from which the plaintiff was alighting. Writ dated November 15, 1900.

At the trial in the Superior Court before *Maynard,* J., it appeared that the accident happened at about 6.30 P. M. on October 13, 1900 ; that the plaintiff, a woman fifty-two years of age, was a passenger on a train of the defendant from Northampton to Pansy Station, a flag station in Belchertown ; that the train had stopped at that station, which was on the left of the train, and, while the plaintiff was descending the steps of the car with a two quart jug of molasses in her left hand and a satchel hanging on her right arm by a chain, taking hold of the

outer iron rail with her right hand, the train started without any order or direction from the conductor, and the plaintiff fell or was thrown from the car and injured; that the conductor alone had the right to order the train started, that one Hickson was the fireman, and that at stations on the left of the train it was his duty to receive the signal to start from the conductor and convey the order to the engineer, that the signal was a high and forward motion of the lantern, that Hickson, seeing something at the place where the conductor usually was, which he mistook for this signal from the conductor, said "All right" to the engineer, who immediately started the train, and the accident occurred.

There was evidence that the plaintiff in 1896, in 1897, and in 1899 had been ill with nervous trouble and hysteria, and the defendant contended that her physical condition, attributed by her to the accident, was due to a recurrence of.the hysteria to which she was subject.

At the close of the evidence the defendant requested the following rulings: "1. On all the evidence the plaintiff is not entitled to recover. 2. There is no evidence of actionable negligence of the defendant. 3. If the train started after a stop of about the usual time to transact the business at that place and after several passengers had alighted and some baggage had been removed from the train, and because the usual signal of swinging a lantern was given on the platform as the conductor was accustomed to give it and at or near the place where he was accustomed to give it, that starting did not amount to actionable negligence. 4. If the train on which the plaintiff was a passenger started while she was on the steps of the car alighting, after a stop of about the usual time to transact the business at that place, and after several passengers alighted and some baggage had been removed from the train, and because the usual signal for starting, consisting of swinging a lantern, was given on the platform, it being dark, as the conductor was accustomed to give the signal to start and at or near the place where he was accustomed to give it, and was not given by the conductor or with his knowledge or by any one having authority to give it, or in the employ of the defendant, but by a stranger, of his own accord, and while the conductor was assisting the plaintiff from the train, and which

the fireman, who was on the lookout for the signal to start, took to be the signal of the conductor, and so communicated it to the engineer, who started the train, if the fireman had no reason to believe it to be other than the signal of the conductor, the starting of the train under the circumstances would not amount to actionable negligence."

The judge refused to give the first and second rulings requested, and on the subject of the third and fourth requests gave instructions which included the following : " Then the question comes, was this fireman negligent, in giving the order to the engineer to start the train ? Well, if he gave the engineer the order to start the train, I mean the proper instruction to the engineer to start the train, and he was negligent about getting the signal, negligent in giving it to him or about determining whether it was from a proper signal, that would be negligence for which the defendant railroad would be responsible. But if, on the other hand, you should find that the fireman was deceived, was led to give the instruction to start the train and was deceived in such a way that you would say that any reasonable man acting under the circumstances would be deceived, so that you can say that his act in giving the signal, giving the instruction to the engineer, was what you would expect of a man acting reasonably in his position under the circumstances, and that he was reasonably led to the mistake and was not careless in acting on that information, then the railroad company would not be liable for it."

The jury returned a verdict for the plaintiff in the sum of $5,000 ; and the defendant alleged exceptions.

*W. G. Bassett*, for the defendant.

*J. B. O'Donnell, (J. C. Hammond* with him,) for the plaintiff.

HAMMOND, J.   It would serve no useful purpose to rehearse in detail the evidence in this case. It is plain that the questions whether the plaintiff was careful, the defendant careless and any injury suffered by the plaintiff was attributable to this carelessness were questions of fact for the jury, and we cannot say that the verdict in favor of the plaintiff was not warranted. The first two requests were therefore rightly refused.

The instructions to the jury upon the subject matter embraced in the third and fourth requests were clear, full and sufficiently favorable to the defendant.

*Exceptions overruled.*